WHITFIELD, Immigrant Inspector, v. KRAWZA.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1914.)

No. 3884.

HABEAS CORPUS (§ 113*)—APPEAL—BRIEFS—SPECIFICATION OF ERRORS.

While the court may at its option notice a plain error, notwithstanding the failure to comply with rule 24 of the Eighth circuit, requiring the briefs to contain a specification of errors, stating particularly in what the decree is claimed to be erroneous, it will not do so on appeal in a habeas corpus proceeding by an alien, ordered deported as having entered the country for an immoral purpose, where there is absolutely no effort to comply with the rule, no evidence can be found that the applicant en-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tered the United States for an immoral purpose, and she is not repre-
sented on the appeal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115;
Dec. Dig. § 113.*]

Appeal from the District Court of the United States for the South-
ern District of Iowa; Smith McPherson, Judge.

Habeas corpus by Bransilawa Krawza against Samuel L. Whitfield,
as Immigrant Inspector. From an order discharging the applicant,
the Immigrant Inspector appeals. Appeal dismissed.

Marcellus L. Temple, U. S. Atty., of Osceola, Iowa, for appellant.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

SMITH, Circuit Judge. Bransilawa Krawza was born in Lithuania.
Her mother having moved to Des Moines, Iowa, Bransilawa Krawza
followed her about October, 1910. At that time she was approx-
imately 18 years old. On June 26, 1911, a warrant was issued for her
arrest, and after a hearing before an immigrant inspector she was or-
dered deported from the United States, because she entered this coun-
try for an immoral purpose. She sued out a habeas corpus, and under
it was discharged, and the immigrant inspector appeals.

We have read with care all the evidence taken before the immigrant
inspector, and upon which she was ordered deported, and all the evi-
dence taken before the District Court of the United States for the
Southern District of Iowa, but we find none that she entered the United
States for an immoral purpose.

Rule 24 of this court requires that briefs shall contain a specifica-
tion of the errors relied upon, and in cases brought here by appeal
the brief shall contain a specification of errors, which shall state as
particularly as may be in what the decree is alleged to be erroneous,
and that errors not specified according to the rule will be disregarded;
but the court may, at its option, notice a plain error not specified.
There has been absolutely no effort to comply with this rule in the
brief filed by the appellant.

With the conviction that the order of deportation was improvidently
made, and with the immigrant not here represented, we must decline
to exercise the option, and this appeal is dismissed, under the fourth
subdivision of rule 24.